**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

LAWRENCE SOWERS,                )
                                )
                    Movant,     )
        vs.                     )          1:08-cv-1716-LJM-JMS
                                )
UNITED STATES OF AMERICA.       )

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. That is the relief sought in this action by Lawrence Sowers ("Sowers").[1] Having considered the pleadings and the expanded record, and being duly advised, the court finds that Sowers' motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.**

**I. Background**

On January 20, 2007, Sowers was charged in a one-count Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The Indictment specifically alleged that Sowers "having [previously] been convicted of a crime punishable for a term [of imprisonment] exceeding one year . . . did knowingly possess in commerce and affecting commerce a firearm . . . ." The Indictment further alleged that Sowers, on January 29, 1980, in Marion County, Indiana, had been convicted of the felony offense of dealing in a Controlled Substance (three counts) and Attempted Dealing in a Controlled Substance, Class B Felonies, under [Marion County Superior Court] cause number CR 79-191-C.[2]

---

[1] Interestingly, Sowers states in his reply that he is not challenging the validity of the plea itself, nor is he attempting to "argue the withdrawal of the plea." (Reply at 2).

[2] Sowers has filed a "motion for court to address government's failure to charge offense in indictment and for dismissal of 924(e) penalty" (dkt 24). Sowers asserts that the Indictment relies on his 1980 felony conviction for dealing in a controlled substance (three counts) and

On January 18, 2008, Sowers filed a Petition to Enter a Plea of Guilty. That same date, a binding Plea Agreement, filed pursuant to Fed.R.Crim.P. 11(c)(1)(C), was submitted to the court. In his written Plea Agreement, Sowers agreed to plead guilty to the charge of being a felon in possession of a firearm. Plea Agreement, ¶ 1. In so agreeing to plead guilty, Sowers acknowledged--and the Plea Agreement specifically recited--the elements necessary to prove the crime alleged in the Indictment; that is, (1) Sowers possessed a firearm (2) after having been previously convicted of an offense punishable by a term of imprisonment of more than one year and (3) the firearm had traveled in interstate or foreign commerce. Plea Agreement, ¶ 1. Sowers also acknowledged in his written Plea Agreement that "[b]ecause [he] has three qualifying felony convictions, he will be sentenced as an Armed Career Criminal under Title 18, United States Code, Section 924(e)." *Id.*

In his Plea Agreement, Sowers acknowledged that his "plea agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(C) . . . [and that] if the Court decides to accept the agreement, the Court is bound by its provisions." Plea Agreement, ¶ 2. The Plea Agreement further provided that "because of the mandatory minimum sentence of 180 months proscribed by 18 U.S.C. § 924(e), . . . [t]he parties have agreed to a 180 month sentence." Plea Agreement, ¶ 15(c).

In his written Plea Agreement, Sowers represented to the court that he had "read the entire Plea Agreement and [had] discussed it with [his] attorney." Plea Agreement, Statement of the Defendant. Sowers further represented that he "under[stood] all of the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations." *Id.* Sowers averred that he was "freely and voluntarily pleading guilty in this case . . . because [he was] guilty of the crime(s) to which [he was] entering [his] plea(s)." *Id.* Sowers also "acknowledge[d] that no threats, promises or representations have been made, nor agreements reached, other than those set forth in this document, to induce [him] to plead guilty." Plea Agreement, Final Provision.

On April 2, 2008, a change of plea hearing was conducted. At that hearing, the court "inquired of the defendant if the defendant understood the rights that the defendant would relinquish if the court accepted the defendant's plea of guilty to the charge in the Indictment." Courtroom Minutes for April 2, 2008. "The Court determined that [Sowers] was fully competent and capable to enter an informed plea and that [Sowers'] plea was made knowingly and voluntarily, and . . . was supported by an independent basis in fact containing each of the essential elements of the offenses charged." *Id.*

---

attempted dealing in a controlled substance, Class B Felonies, under cause number CR 79-191C, to support the Armed Career Criminal Act enhancement. Sowers argues that the Indictment lacks a sufficient elemental basis for an imposition of a § 924(e) enhancement and therefore the ACCA-based enhancement should be dismissed.  Sowers contends that without a sufficient basis for the enhancement he should be resentenced at a Base Offense Level 26, Criminal History Category V.  The motion for this relief is **denied.**

At Sowers' change of plea/sentencing proceeding, the court inquired into Sowers' ability to understand the proceedings as well as to his understanding of the charge against him, the possible defenses he might assert, and the penalties faced if convicted. Transcript, p. 4, l. 3 through p. 7, l. 19. The court questioned Sowers to assure itself that he understood the terms of the Plea Agreement and that he agreed to those terms. Transcript, p. 7, l. 20 through p. 12, l. 21. The court explained to Sowers his rights if he chose to plead not guilty. Transcript, p. 13, l. 17 through p. 16, l. 17. The factual basis to support the guilty plea was established by the testimony of Indianapolis Police Officer Paul Arkins and by the admission into evidence of records of multiple prior felony convictions pertaining to Sowers. Transcript, p. 17, l. 1 through p. 22, l. 6.

The court determined that Sowers was "fully competent and capable of entering an informed plea and that his plea of guilty [was] a knowing and voluntary plea supported by an independent basis in fact, containing each of the essential elements of the offense." Transcript, p. 22, l. 21-25; p. 23, l. 1. Still, the court withheld a decision as to whether it would accept the plea until it heard more information concerning Sowers' criminal history (particularly with respect to an assisting a criminal conviction that originated as a murder charge) and from Sowers directly. Transcript, p. 23, l. 2 through p. 27, l. 22. Only after that further consideration of these matters did the court accept Sowers' plea of guilty and adjudge him guilty as charged. Transcript, p. 28, l. 23-24.

In conformance with the Plea Agreement, the court sentenced Sowers to a term of imprisonment of 180 months, to be followed by five years of supervised release. Sowers was also fined $1000 and ordered to pay the mandatory assessment of $100. Judgment of conviction was formally entered on the court's docket on April 10, 2008. Sowers did not appeal his conviction or his sentence. However, on December 23, 2008, Sowers filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255.

## II. Discussion

Sowers alleges three grounds for relief in his pending motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. First that he was improperly sentenced as an Armed Career Criminal, second that his prior convictions lacked a basis in fact which support the Armed Career Criminal enhancement, and finally that his trial counsel was ineffective with respect to the negotiation of the Plea Agreement and in respect to the sentencing proceedings at which Sowers was sentenced. For the reasons explained below, each of Sowers' grounds for relief are insufficient and his motion must be denied.

### A. Armed Career Criminal

Sowers asserts that his sentence was improperly enhanced pursuant to the Armed Career Criminal Act ("ACCA") provisions of 18 U.S.C. § 924(e). Sowers argues that the "sentence imposed includes an enhancement for Armed Career Criminal which is not supported by the record." Reply at 2.

3

As an initial matter, the United States argues that Sowers has procedurally defaulted this claim by not appealing his conviction and sentence to the Seventh Circuit. The United States contends that because this sentencing issue could have been asserted on direct appeal, it is barred from consideration in the instant 28 U.S.C. § 2255 motion due to Sowers' procedural default. *See Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989). Nor has Sowers established either good cause for his procedural default nor prejudice resulting therefrom. *Prewitt*, 83 F.3d at 816. In this respect, the United States notes that Sowers waived his right to appeal and that, in any case, he received the sentence he bargained for and agreed to in his written Plea Agreement.

Sowers has procedurally defaulted his opportunity to challenge whether the requisites for sentencing him as an Armed Career Criminal were established. *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989). Sowers has not (and cannot) demonstrate either good cause nor prejudice to excuse his procedural default. "A § 2255 motion is 'neither a recapitulation of nor a substitute for a direct appeal.'" *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Sowers did not appeal his conviction or sentence. Indeed, he expressly and knowingly waived that right as part of his written Plea Agreement. Sowers has not been denied any and all opportunity to challenge the lawfulness of his sentence, *see In re: Davenport*, 147 F.3d 605, 611 (7th Cir. 1998); rather, he waived that opportunity in exchange for the benefits of a plea agreement that offered him the certainty of the minimum sentence allowable. The United States has abided by its agreement. Sowers will be held to his bargain.

Sowers' assertion that the United States failed to prove the requisite prior felony convictions to sustain his being sentenced as an Armed Career Criminal is without merit. The United States correctly points out that at the time of Sowers' conviction, there was no issue in this circuit that Sowers had the requisite number of convictions to be sentenced as an Armed Career Criminal. The prior convictions evidencing that Sowers was an Armed Career Criminal (including the prior convictions set forth in the Indictment) were entered into evidence at Sowers' change of plea/sentencing hearing. Transcript, p. 19, l. 6 through p. 21, l. 11. Evidence was accepted at the change of plea/sentencing demonstrating that Sowers had been convicted of the serious drug offenses or violent felonies of: (1) Dealing in a Controlled Substance (three counts) and Attempted Dealing in a Controlled Substance, Class B felonies; (2) Robbery, a Class D felony; (3) Dealing in a sawed-off shotgun, a Class D felony; (4) the felony offense of escape; and (5) the felony offense of Criminal Confinement. In addition, Sowers admitted that he had the requisite number of requisite felony convictions, see Plea Agreement, ¶ 1, and the record established at Sowers' change of plea/sentencing hearing established that fact. Transcript, p. 19, l. 6 through p. 21, l. 11. Sowers did not appeal that finding.

In any case, Sowers indisputably has the requisite three serious drug and/violent crime convictions to be sentenced as an Armed Career Criminal. Sowers' felony drug convictions as set forth in the Indictment (counting those convictions as a single conviction) constitutes one prior conviction. Transcript, p. 19, l. 6-17. Sowers argues that the drug

conviction did not undergo a *Shepard* analysis, and if it had, would not have qualified as an Armed Career Criminal Act predicate.  *See Shepard v. United States,* 125 S. Ct. 1254 (2005) (limiting the sources that sentencing judges can consider when considering issues related to prior convictions). The proceedings here did not run afoul of *Shepard,* however, because Sowers conceded the nature of his prior criminal conduct, the character of the predicate offenses, and the applicability of the Armed Career Criminal Act to his sentence under § 924(e). *See United States v. Bennett,* 472 F.3d 825, 832-34 (11th Cir. 2006).

Sowers' felony conviction for robbery constitutes the second required conviction. Transcript, p. 19, l. 19-25; p. 20, l. 1-3.

Sowers' third qualifying felony was a conviction for criminal confinement. Transcript, p. 21, l. 2-11. The Information in the Criminal Confinement case (which was admitted into evidence) alleged that "Lawrence D. Sowers engaged in conduct that constituted a substantial step toward commission of kidnapping by grabbing Josh Dick's arm and pushing him inside a van and stating he had a gun . . . ."  Sowers' Criminal Confinement felony conviction qualifies as a violent felony and his argument otherwise is unpersuasive.

Sowers' fourth qualifying conviction is the conviction for Dealing in a Sawed-Off Shotgun. Transcript, p. 20, l. 4-14. The Information in which Sowers was charged alleged that he "did unlawfully possess a sawed-off shotgun as defined in IC 35-47-1-10 . . . ." Possession of a prohibited weapon is a continuing offense, and it is reasonable to assume that the possessor is willing to use the weapon (or to threaten to use the weapon) during the period of possession. That offense is comparable to possession of a weapon with intent to use it against another. See *United States v. Mathews*, 453 F.3d 830, 836-37 (7th Cir. 2006); *United States v. Lynch*, 518 F.3d 164, 172-73 (2d Cir. 2008), *cert. denied*, 129 S. Ct. 1316 (2009). In *Mills v. United States*, 309 F.3d 329, 330-31 (11th Cir. 2009) (unpublished disposition), the court held that offenses involving the possession of prohibited weapons such as sawed-off shotguns qualified as violent felonies or crimes of violence under the Armed Career Criminal Act. Sowers' Dealing in a Sawed-off shotgun probably would qualify as a violent felony. *See United States v. Miles,* 329 Fed. Appx. 329, 331 (11th Cir. 2009) (conviction of possession of an unregistered sawed-off shotgun is a violent felony for purposes of Armed Career Criminal Act) (unpublished disposition); *United States v. Serna,* 309 F.3d 859, 864 (7th Cir. 2002); *United States v. Brazeau,* 237 F.3d 842, 845 (7th Cir. 2001); *United States v. Allegree,* 175 F.3d 648, 651 (8th Cir. 1999).

Sowers' fifth conviction was felony Escape. Transcript, p. 20. l. 15-23. Sowers' argues that this conviction does not qualify as a violent offense under the ACCA. This claim is premised upon changes in the law that occurred after Sowers was sentenced. In *Begay v. United States*, 128 S. Ct. 1581 (2008), the Supreme Court held that felony driving under the influence was not a violent offense for purposes of the ACCA. The reasoning of *Begay* alters the analysis as to what constituted a violent offense for the Armed Career Criminal Act purposes. Following the *Begay* reasoning, the Seventh Circuit held, in *United States v. Templeton*, 543 F.3d 378 (7th Cir. 2008), that escape was not necessarily a violent offense for ACCA purposes. However, Sowers' attorney cannot be deemed ineffective for not anticipating the *Begay* decision. Federal courts have rejected ineffective assistance of

counsel claims predicated on counsel's failure to predict changes in the law because "[c]lairvoyance is not a required attribute of effective representation." *United States v. Gonzalez-Lerma*, 71 F.3d 1537, 1541-42 (10th Cir. 1995) (quoting *Cooks v. United States*, 461 F.2d 530, 532 (5th Cir. 1972); *see also Valenzuela v. United States*, 261 F.3d 694, 700 (7th Cir. 2001)(the "Sixth Amendment does not require counsel to forecast changes or advances in the law"). It is likely that Sowers' Escape conviction would not constitute a violent offense following *Begay*. *See United States v. Templeton*, 543 F.3d 378, 382-84 (7th Cir. 2008). Although the Escape conviction was properly considered at the time of Sowers' sentencing as a qualifying felony under the ACCA, excluding that conviction still leaves four qualifying convictions.

## B.  Factual Basis for Sowers' Plea

Sowers asserts that the guilty plea lacks a factual basis sufficient to establish that he was subject to the Armed Career Criminal enhancement in violation of Rule 11(b)(3). Sowers argues that "[t]he plea agreement does not name, identify, or otherwise specify what those 'three qualifying convictions' are but make[s] them an integral part of the plea and sentence." Sowers contends that the plea agreement did not describe specific facts or predicate convictions which would qualify him as an Armed Career Criminal and that the pre-sentence report failed to meet the statutory requirements of 18 U.S.C. § 924(e)(B)(i) and (ii). Sowers explains that "there is no means to determine what convictions are relied upon or whether what was relied upon are 'qualifying' convictions or not." Reply at 8. Finally, Sowers alleges that the court did not review or analyze the predicates for the ACCA enhancement as required by *Shepard v. United States*, 544 U.S. 13 (2005).

This claim, which is a variation of the claim Sowers asserts with respect to his being sentenced as an Armed Career Criminal, fails for each of the reasons discussed above. Sowers has procedurally defaulted this claim by not appealing his conviction and sentence. Additionally, he has admitted all of the facts required to sustain his conviction and the court has found those facts to have been established.

Sowers asserts that his plea of guilty was invalid because no adequate factual basis for that plea was established. The transcript of Sowers' change of plea/sentencing hearing refutes that claim. In order for a plea to be valid, it must be entered voluntarily, knowingly, and intelligently. *United States v. Hays*, 397 F.3d 564, 567 (7th Cir. 2005). A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is advised of the direct consequences of his plea. *United States v. Jordan*, 870 F.2d 1310, 1317 (7th Cir. 1989). Sowers' plea was entered in open court in proceedings which complied with the requisites of Rule 11 of the *Federal Rules of Criminal Procedure*. Sowers has shown no infirmity in those proceedings nor any basis upon which his plea of guilty could be deemed invalid.

## C.  Ineffective Assistance of Counsel

Sowers asserts that his trial counsel was ineffective in the negotiation of the Plea Agreement and at Sowers' sentencing proceeding. Sowers contends that his counsel provided advise regarding the plea in this case which was objectively unreasonable and that there is a reasonable probability that he would not have accepted the plea had counsel successfully challenged the ACCA allegations. Reply at 12, citing *Strickland v. Washington*, 466 U.S. 668 (1984), and *Hill v. Lockhart*, 474 U.S. 52 (1985).

That contention is frivolous. On Sowers' behalf, his trial counsel negotiated a binding plea agreement under which Sowers was assured (so long as the court accepted the plea) the minimum term of imprisonment allowable under the applicable law. No better result could have been obtained, and as that is the case, Sowers' trial counsel cannot be deemed ineffective. "[I]t is axiomatic that the government is not bound to discuss, much less enter into, a plea agreement." *United States v. Hall,* 212 F.3d 1016, 1022 (7th Cir. 2000). "[T]he successful negotiation of a plea agreement involves factors beyond the control of counsel [including] the cooperation of the prosecutor, who has no obligation to offer such an agreement." *Id. See also United States v. Springs,* 988 F.2d 746, 749 (7th Cir. 1993). "The terms of plea bargains are within the discretion of the United States Attorney." *United States v. Zendeli,* 180 F.3d 879, 886 (7th Cir. 1999). The right to the effective assistance of counsel is denied when the performance of counsel falls below an objective standard of reasonable professional conduct and thereby prejudices the defense. *Yarborough v. Gentry,* 540 U.S. 1, 5 (2003) (citing *Strickland,* 466 U.S. at 687). For a petitioner to establish that his "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687. In order to show prejudice from a counsel's inadequate representation, a petitioner "'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . .'" *Pole v. Randolph,* 570 F.3d 922, 934 (7th Cir. 2009)(quoting *Strickland,* 466 U.S. at 694); *see also Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). Sowers has demonstrated neither of the requisite elements of a claim of ineffective assistance of counsel.

In this case, a plea agreement was negotiated in which the parties agreed that Sowers would be sentenced to the minimum term of imprisonment permitted under the law. Further, the Plea Agreement was a binding agreement which, if accepted by the court, required the court to sentence Sowers in accordance with the agreement. The agreement was accepted by the court and Sowers received the minimum sentence allowable. There is nothing more that Sowers' trial counsel could have obtained for Sowers pursuant to a plea agreement. This being the case, it is frivolous to assert that the performance of Sowers' counsel was deficient in any respect with regard to the negotiation of the Plea Agreement.

Nor was Sowers' counsel deficient at Sowers' sentencing proceeding. In this respect, all that need be said is that Sowers received the minimum term of imprisonment allowable under the applicable law. Because nothing more could have been achieved on Sowers' behalf, his counsel cannot be deemed ineffective.

### III.  Conclusion

For the reasons explained above, Sowers is not entitled to relief in this action. He has failed to demonstrate a constitutional violation warranting collateral relief. The records and file in this action show conclusively that Sowers is not entitled to the relief he seeks. Accordingly, his motion for relief pursuant to § 2255 is **denied**, and this action must be dismissed with prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**


Date: __12/04/2009_____



LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana